UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-38 |
| | ) | (VARLAN/SHIRLEY) |
| LUCRETIA BUCHANAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 15, 2009, for a hearing on the Defendant's Motion to Continue Trial Date and to Reset Deadlines [Doc. 10]. Assistant United States Attorney David Lewen was present representing the Government. Attorney Gerald Gulley was present representing the Defendant, who was also present.

Attorney Gulley addressed the Defendant's Motion first and explained that a number of DVDs, which he received from the Government as part of the reciprical discovery in this case, could not be played on the equipment in his office. The case agent gave replacement DVDs, but there are some that Attorney Gulley still cannot view. He has agreed to view these at a government facility next week. Attorney Gulley explained that while the discovery issues appeared to be resolved, the deadline for filing motions, which was set for May 13, 2009, has now passed. Further, Attorney Gulley stated that in light of this discovery issue, it will be impracticable to be prepared to go to trial on May 26, 2009. The Court advised the Defendant of her Speedy Trial rights, and she

1

stated that she believed this continuance was in her best interest and that she understood the conditions of her pretrial release would continue to govern her actions until the new trial date.

AUSA Lewen explained that he has been out of the office and was unaware of the discovery issue, but he stated that he has now supplied additional contact information to Attorney Gulley should such issues arise in the future. The Government had no objection to continuing the trial date.

The Court finds that all time between the filing of the Motion to Continue [Doc. 10] on May 13, 2009, and the hearing held on May 15, 2009, is fully excludable for Speedy Trial purposes, 18 U.S.C. § 3161(h)(1)(D). Further, the Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). This discovery issue is not due to the negligence of either party, and the parties have taken the necessary steps to resolve the issues in a timely matter. However, the discovery issue and corresponding delay have prevented defense counsel from determining what pretrial motions should be filed and filing such motions, and as a result, all of the necessary pretrial filings and procedures could not take place before the currently set trial date, despite counsels' use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that Defendant's Motion to Continue is well-taken, and therefore, it is **GRANTED**.

In light of these findings and its granting of the motion, the Court set a new trial date of August 25, 2009. The Court further finds that the period of time between May 13, 2009, and August 25, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A)-(B).

Finally, the Court addressed the Defendant's conditions of pretrial release. The Defendant requested modification of the terms of her pretrial release so that she could visit her grown daughter in Maryville overnight periodically. The Government did not oppose this request, so long as it did not interfere with the Defendant's employment. The Court granted the request. The Defendant shall be allowed to visit her daughter in Maryville overnight on Fridays, so long as it does not interfere with her employment.

Accordingly:

1. The trial date is set for **August 25, 2009**, before the Honorable Thomas A. Varlan, United States District Judge;

2. All time between the **May 13, 2009**, and the **August 25, 2009**, trial date is fully excludable under the Speedy Trial Act;

3. The Defendant shall have up to and including **June 8, 2009**, in which to file motions, and the Government shall respond by **June 22, 2009**;

4. A pretrial conference in this matter is set for **June 25, 2009, at 1:00 p.m.**; and

3. The Defendant shall be allowed to visit her daughter in Maryville overnight on Fridays, so long as it does not interfere with her employment.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge