UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LUCRETIA BUCHANAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 3:09-cr-038 |
| | ) | 3:10-cv-561 |
| | ) | (VARLAN/SHIRLEY) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Lucretia Buchanan ("petitioner"). The government has filed its response to the motion. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

**I.    Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

**II.     Factual Background**

Petitioner pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams of more of a mixture containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); aiding and abetting maintaining a place for the purpose of manufacturing and distributing cocaine base, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. As a result of the government's motion for a downward departure based upon petitioner's substantial assistance, she was sentenced to concurrent terms of imprisonment of 50 months on the drug convictions and a consecutive term of imprisonment of 60 months on the firearm conviction, for a total effective sentence of 110 months. [Doc. 72, Judgment[1]]. Petitioner did not appeal her sentence.

---

[1] All citations to the record refer to the docket sheet in petitioner's criminal case.

In support of her § 2255 motion, petitioner alleges she received ineffective assistance of counsel. The government objects to relief for petitioner pursuant to 28 U.S.C. § 2255.

### III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that her attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

3

The two-part test of Strickland also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because she is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that her counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that her co-defendant, Tommy Morrell, repeatedly threatened and beat her and forced her against her will to commit the criminal offenses for which she was convicted. She further alleges that her attorney advised her against disclosing that information to the Court at the time of her guilty plea and thus rendered ineffective assistance of counsel. She also alleges that counsel failed to share discovery materials with her and

4

therefore she lacked the information necessary for considering her options. These claims are contradicted in the record.

The Plea Agreement, which was signed by petitioner, stipulated the facts underlying her guilty plea as follows:

> From about June, 2007, and through about August, 2007, the defendant allowed her home, located at 115 Baumgartner Drive, Roane County, Tennessee, to be used as place [sic] to manufacture and distribute cocaine base ("crack"). Specifically, defendant agreed to have Tommie Morrell utilize her house as a base of operations for his crack manufacturing and distribution business.
>
> Defendant knowingly allowed co-defendants Lockridge and Ward to serve as security inside the house. Co-defendants Lockridge and Ward would pat down prospective crack buyers before allowing them entry into defendant's home. Once deemed safe, the security team of co-defendants Lockridge and Ward would allow the crack buyers into the defendant's home so they could purchase crack from Tommie Morrell. Defendant knew that her home was being used to manufacture and distribute crack.
>
> Co-defendant Ward would further enhance the security operation inside the house by prominently displaying a firearm to prospective crack buyers before allowing them entry into defendant's home. Defendant knew that co-defendant Ward possess a firearm to further the activities of this drug trafficking conspiracy.

[Doc. 39, Plea Agreement, p. 4, ¶ 4(a) - (c)]. There was no mention in the plea agreement that petitioner had been forced to engage in these criminal activities.

In accepting petitioner's guilty plea, the Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Doc. 91, Transcript of Change of Plea]. The Court first determined that petitioner was 44 years old with two business degrees. [*Id*. at 3]. The Court next determined that petitioner was

5

competent to enter a guilty plea. [*Id*. at 4]. The Court also determined that petitioner had ample opportunity to discuss the charges against her with her lawyer; that she had told her lawyer everything she knew about the case; that her lawyer had advised her as to the nature and meaning of the charges against her, the elements of the offenses charged, and her available defenses; that her lawyer had explained the terms of the plea agreement to her; and that she was satisfied with her attorney's advice. [*Id*. at 4-6].

The Court then advised petitioner of the rights she was giving up by pleading guilty. [*Id*. at 6-7]. Petitioner was specifically asked whether any person had pressured her to plead guilty and whether any officer or agent of the government had suggested she would receive a lighter sentence by pleading; she answered "No, sir" to both questions. [*Id*. at 7]. At the Court's request, the government stated on the record the charges against petitioner, the elements of the offenses, the factual bases for the guilty plea, and the minimum and maximum penalties that petitioner was facing. [*Id*. at 8-11].

Upon questioning by the Court, petitioner acknowledged her understanding of the charges against her and the elements of each charge, as well as the potential punishment. [*Id*. at 11-12]. Petitioner stated that she was pleading guilty because she was in fact guilty of the charges. [*Id*. at 13]. Again, there was no mention that petitioner was forced to engage in criminal conduct nor that she had been denied discovery materials.

6

The Court determined that petitioner understood her sentence would be determined by the Court after referring to the applicable sentencing guidelines and other relevant information, and that petitioner would not be permitted to withdraw her guilty plea based on the sentence she received. [*Id*. at 13-15]. The Court then accepted the guilty plea.

> The Court has observed the appearance of this defendant and her responsiveness to the questions asked. Based upon these observations and her answers, the Court finds that the Defendant, Ms. Lucretia Buchanan, is in full possession of her faculties and competent to plead guilty.
>
> The defendant is not under the influence of narcotics or other drugs or alcohol; the defendant knowingly waives her constitutional rights to trial and other rights accorded to persons accused of crime.
>
> The factual basis for the guilty plea has been established, and the Defendant understands the nature and elements of the offenses to which the plea is offered and the minimum and maximum penalties, as applicable, provided by law for the offenses. The defendant has offered to plead guilty knowingly and voluntarily.

[*Id*. at 16].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a Court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v.*

7

*United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Petitioner had the opportunity to inform the Court of her claims that she was forced to engage in criminal conduct and that she was denied the opportunity to review discovery materials, and she failed to do so. Instead, petitioner freely admitted her guilt. In fact, in her § 2255 motion, petitioner states "I do not contest the commission of these crimes by myself and my co-defendants." [Doc. 85, Motion to Vacate, p. 5]. There is nothing in the record to suggest that petitioner's attorney gave her improper advice or that, absent her attorney's advice, she would have persisted in a plea of not guilty and gone to trial. Based upon the foregoing, petitioner has failed to demonstrate that she received ineffective assistance of counsel under the standard set forth in *Strickland*.

**IV.    Conclusion**

Petitioner is not entitled to relief under § 2255 and her motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner

having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE
