UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-38-TAV-CCS-1 |
| | ) | |
| LUCRETIA BUCHANAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is the defendant's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Docs. 94, 95]. On August 25, 2009, the defendant was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (count one), aided and abetted by another, maintain a residence for the purpose of manufacturing and distributing cocaine base (count two), and aided and abetted by another, possessing a firearm in furtherance of a drug trafficking crime (count three). She was sentenced to 110 months' imprisonment on December 10, 2009.

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced

statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc. Given that motion, the government moved this Court to hold the defendant's motion in abeyance pending resolution of that petition. For reasons explained in a prior order [Doc. 103], the Court held the defendant's motion in abeyance.

The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.*

Accordingly, because *Blewett* no longer supports the defendant's motions for a sentence reduction, the defendant's motions [Docs. 94, 95] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE